**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD EUGENE SPEARS, a/k/a Trash, a/k/a
Trashmouth,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (CR-94-185-WLO)

Submitted: August 24, 2006          Decided: August 28, 2006

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender; John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney; Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In 1995, Richard Eugene Spears was convicted on drug-related charges and received a seventy-two-month sentence, to be followed by ten years of supervised release. In August 2001, his original term of supervised release was revoked and he was sentenced to seven months of imprisonment to be followed by a supervised release term of two years. In November 2002, his second term of supervised release was revoked and he was sentenced to sixteen months followed by three years of supervised release. In April 2004, and later in August 2005, Spears' probation officer filed petitions to revoke Spears' supervised release based on violations of several supervised release conditions. At his revocation hearing, Spears did not contest the allegations in the petitions. The district court found that Spears had committed the charged violations and revoked his supervised release. The court sentenced Spears to thirty-two months in prison, with no supervised release term to follow the sentence.

On appeal, Spears' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district court erred when it imposed a sentence outside the range recommended by the Chapter 7 advisory policy statement but stating that there are no meritorious issues for appeal. Although Spears was advised of his right to file a pro se brief, he has not done so.

We recently held in <u>United States v. Crudup</u>, ___ F.3d ___, 2006 WL 2243586 (4th Cir. Aug. 7, 2006), that we review sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." In this case, Spears' sentence was below the statutory maximum of thirty-seven months imprisonment, the court considered the Chapter 7 advisory policy statement range, and the court stated a proper basis for its conclusion that Spears be sentenced to thirty-two months of imprisonment. <u>See</u> <u>Crudup</u>, 2006 WL 2243586, at *5. Specifically, the court noted that Spears received a downward departure at his original sentence and this was his third revocation of supervised release. Because Spears' sentence was neither procedurally nor substantively unreasonable, we find that his sentence is not plainly unreasonable.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Spears' supervised release and imposing a thirty-two-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on the client.  We dispense with oral argument because the facts and legal contentions  are adequately presented in the materials  before  the  court  and  argument  would  not  aid  the decisional process.

AFFIRMED